IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 13-67-RGA |
| | : | |
| DEWITT EVANS., | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM ORDER

Defendant has filed a motion which principally seeks compassionate release. (D.I. 109). I have received further submissions. (D.I. 112, 113, 115, 116, 117). The statute applicable to this motion, 18 U.S.C. § 3582, provides as follows, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

There is a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)     (A)  extraordinary and compelling reasons warrant the reduction; or
>          (B)  the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2)     the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)     the reduction is consistent with this policy statement.

U.S.S.G. §1B1.13.

Further, there is an application note, which provides:

> 1.     <u>Extraordinary and Compelling Reasons</u>.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A)    <u>Medical Condition of the Defendant</u>.—
>       (i)     The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>       (ii)    The defendant is—
>            (I)     suffering from a serious physical or medical condition,
>            (II)    suffering from a serious functional or cognitive impairment, or
>            (III)   experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B) <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C) <u>Family Circumstances</u>.
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D) <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

By way of background, I sentenced Defendant on March 6, 2020, for a violation of supervised release to eighteen months imprisonment. While there is no transcript of the sentencing to review, my memory is that at the time of sentencing I did not fully appreciate the coming impact of the COVID-19 pandemic. Had Defendant's sentencing occurred one week later, I might well have imposed a different sentence than the one I did. But these second thoughts are, in my opinion, irrelevant given the particular facts and circumstances of Defendant's case.

In essence, before I can grant the motion of a prisoner for compassionate release, the prisoner has (1) to exhaust administrative remedies, *see United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), (2) to show extraordinary and compelling circumstances, (3) to show an absence of dangerousness, and (4) to show that the section 3553(a) factors support a reduced sentence. It appears that I should consider these sequentially. *See, e.g., United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020).

Here, Defendant requested compassionate release from the Warden on April 7, 2020 (D.I. 109 at 6; D.I. 115 at Exh. 2), more than 30 days have elapsed, and the request has not been granted. The Government agrees that Defendant has met the exhaustion requirement, and that I can consider his request. (*Id*. at 6).

Defendant essentially argues that the extraordinary and compelling circumstances are that he has asthma, that he recently got a prescription for an albuterol inhaler for the asthma, and we are in the middle of the COVID-19 pandemic. (D.I. 109 at 3-4; D.I. 115 at Exh. 2, p.2). The Government has produced Defendant's prison medical records. (D.I. 115 at Exh. 1). As the Government demonstrates (D.I. 115 at 5-6, 8-9), the records show a generally healthy young individual with mild asthma.[1]

As of May 16, 2020, the CDC website says, "People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19. COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease." Defendant's medical records do not show him to have "moderate to severe asthma" and therefore to be at any substantially greater risk for complications from

---

[1] Defendant had been locked up since December 10, 2019. Defendant had a "dental health history screen" on December 31, 2019, which included an overall health assessment for Defendant. One of seven listed "health problems" is "Asthma, unspecified." (D.I. 115 at Exh. 1, at 393). The age of onset for the asthma was when Defendant was a juvenile. (*Id*. at 394). At that time, medications were described as, "None." (*Id*. at 395). On March 21, 2020, Defendant had a "clinical encounter," at which the complaint was, "patient reports history of asthma. Last severe attack was about 2 years ago. Reports that asthma is more exercise induced but he also has mild exacerbation with changing seasons." (*Id*. at 354). A "new medication order" was issued for an albuterol inhaler. (*Id*. at 355). Defendant has asthma, about that there is no doubt, but it also appears to be mild. The Government seems to suggest that there is evidence that Defendant's present claim of asthma risk is overstated, pointing out that he has continued to play handball and basketball after the March 21 clinical encounter, with only knee injury complications. (*See id*. at 350).

4

COVID-19 than a completely healthy individual in prison.[2] Thus, in my opinion, he does not have such health issues as to demonstrate "extraordinary and compelling circumstances," even when combined with the on-going COVID-19 pandemic, and thus, he does not qualify for compassionate release. I therefore need not consider the third and fourth steps in the analysis.

Defendant also requests pursuant to 18 U.S.C. § 3624(c) that I direct the Bureau of Prisons to place Defendant in a residential reentry center. (D.I. 109 at 1, 6-7). I have read the statute, and I do not see anything in the language of the statute that purports to empower me after sentencing to supervise the placement of prisoners within the Bureau of Prisons system.[3] But, assuming that I have some capacity to review decisions by the Bureau of Prisons, I note that the record is undeveloped as to what the Bureau of Prisons has decided, if anything, and there is no basis to say that the Bureau of Prisons has abused its discretion in exercising its placement authority such that I should intervene.

Thus, I **DENY** Defendant's motion (D.I. 109) without prejudice.

IT IS SO ORDERED this 19th day of May 2020.

                                                                          /s/ Richard G. Andrews
                                                                          United States District Judge

---

[2] I also note that the original presentence report states in the "Physical Condition" section, "The defendant was not under the care of a doctor prior to his incarceration, nor was he taking any prescribed medication." (D.I. 83, ¶ 94).

[3] Defendant's motion does not explain why I would have the power to do what is requested, and Defendant's reply concentrates on the compassionate release argument. The Government's most recent letter (D.I. 115) clearly argues that I do not have the power. The Government may be right, but the one recent case it cited, in which the magistrate judge stated that "placement decisions are substantive determinations solely with the discretion of the BOP," also reviewed that determination for an abuse of discretion, citing a Third Circuit case, *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012), which likewise used that standard. Perhaps there is a difference between reviewing a BOP decision (which I do not think has yet been made here) and deciding it in the first instance.

6